■ American Express Bank FSB, Respondent, v Laila Najieb, Appellant, et al., Defendant. [4 NYS3d 6]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about October 8, 2013, which denied defendant Laila Najieb's (defendant) motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for summary judgment and to strike the answer, unanimously modified, on the law, to the extent of denying the motion to strike the answer, vacating the direction to enter judgment on default, and directing the Clerk to enter judgment for

$24,797.86, the amount of the account stated, as set forth in the affirmation in support of plaintiff's cross motion, and otherwise affirmed, without costs.

The securitization of plaintiff credit card issuer's receivables did not divest it of its ownership interest in the account, and therefore did not deprive it of standing to sue to recover defendant's overdue credit card payments (*see Citibank [South Dakota], N.A. v Carroll*, 148 Idaho 254, 257-259, 220 P3d 1073, 1076-1078 [2009]; *Tostado v Citibank [South Dakota], N.A.*, 2010 WL 55976, *2-3, 2010 US Dist LEXIS 228, *5-8 [WD Tex, Jan. 4, 2010, No. SA-09-CV-549-XR]; *Scott v Bank of America*, 580 Fed Appx 56 [3d Cir 2014]; *Shade v Bank of America*, 2009 WL 5198176, *4, 2009 US Dist LEXIS 119320, *10 [ED Cal, Dec. 23, 2009, No. 2:08-cv-1069 LKK JFM PS], *affd* 2011 WL 794605, 2011 US App LEXIS 4535 [9th Cir 2011]).

Plaintiff's submission of statements that were retained by defendants for several months without protest was sufficient to entitle plaintiff to judgment on its cause of action for an account stated.

However, we find that the motion court improvidently exercised its discretion in striking the answer for failure of the individual defendant to appear at a deposition directed by a compliance conference order for a date just over one week before the motion seeking such relief was brought. Plaintiff failed to show that the noncompliance was willful, contumacious or in bad faith (*see Amini v Arena Constr. Co., Inc.*, 110 AD3d 414 [1st Dept 2013]). Concur—Sweeny, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.